IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GROUNDS MANAGEMENT, INC., d/b/a | ) | |
| GMI NATIONAL SERVICE COMPANY | ) | |
| | ) | |
| v. | ) | 3-09-CV-434-O |
| | ) | |
| COMPLETE LANDSCAPING, INC. | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on June 22, 2009, came on to be considered Plaintiff's Motion to Remand to State Court (Doc. 4) filed on March 11, 2009, and having considered the relevant papers and pleadings[1] the court finds and recommends as follows:

Title 28 U.S.C. § 1446 governs the procedure for a party to remove an action from state to federal court. The statute requires that in the case of a civil action that the defendant file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action ... is based ...". § 1446(b).

In the present case it is undisputed that Complete Landscaping, Inc.'s agent, Calvin McMillan, was served with process in Wichita, Kansas, on February 3, 2009, at 5:50 p.m., *See* Defendant's Notice of Removal filed on March 6, 2009, at Tabs F and G, and that the Texas Secretary of State was served with process on February 4, 2009, at 11:22 a.m., *Id.* at Tab A.

It is also conceded that Calvin McMillan was Defendant's registered agent in the State of

---

[1] *See* Defendant's response filed on March 31, 2009 (Doc. 6), Plaintiff's reply filed on April 3, 2009, and Defendant's sur-reply filed on June 22, 2009, and the respective appendices.

Kansas, but that he was not registered *in* the State of Texas as an agent for service of process for any company. *See* Affidavit of Calvin McMillan, Defendant's response to Plaintiff's motion to remand, Appendix at 1-2, ¶ 5; *see also* Affidavit of Laura McMurray, *Id.* at 15-16, ¶¶ 6 and 7.

In light of the thirty day requirement under § 1446(b), *supra,* if the service on McMillan on February 3, 2009, was effective, then Complete Landscaping, Inc.'s notice of removal was filed thirty-one days after service and was untimely.[2] In its motion Plaintiff argues that the hand-delivered service on McMillan in Wichita, Kansas, was effective while Defendant argues that service was not effective until the Texas Secretary of State was served on the following day, February 4th.

Complete Landscaping, Inc., argues that service on a foreign corporation which does not have a registered agent for service of process within the State of Texas can only be effected by constructive service on the Secretary of State under the Texas long-arm statute. It argues that the Texas Business Organizations Code does not provide for service on a foreign corporation by serving the corporation's designated registered agent in another state, citing § 5.255 of the Code as identifying the only persons who can be designated as agents for service of process for a domestic or foreign corporation which has not formally designated a registered agent under §5.201. Complete Landscaping cites no case authority which holds that service effected on an agent registered in the defendant entity's state of incorporation and where the entity maintains its principal place of business is ineffective. In fact, the only case cited by the parties, *Consolidated American Industries,*

---

[2]*See e.g. Royal v. State Farm Fire & Cas. Co.,* 685 F.2d 124, 127 (5th Cir. 1981) ("[a] failure to timely file a notice of removal is a defect that requires remand to state court."); *see also Murphy Bros. v. Michette Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that the deadline to remove begins to run upon receipt of formal process).

*Inc. v. Greit-Amber Oaks, L.P.,* No. 03-07-00173-CV, 2008 Tex.App. Lexis 9272 (Tex.App. - Austin, December 12, 2008, no pet.), which considered a claim of defective service raised by a defendant in attacking the entry of default judgment, held that service on an individual in Carson County, Nevada - whose status as a registered agent of defendant was unchallenged - was sufficient and not invalid.

Complete Landscaping's argument is further undermined by the fact that it fails to countenance the express language of §§ 5.201 (b)(1) and 5.256, Tex.Bus.Orgs.Code Ann. (2007). Mr. McMillan's status as Defendant's registered agent in the State of Kansas is wholly consistent with the definition of a "registered agent" set out in § 5.201 (b)(1). Although § 5.255 does not include agents for service of process of a foreign corporation not registered in the State of Texas as persons on whom process may be served, there is nothing in this provision which suggests that the enumerated persons are the *only* individuals upon whom service may be effected, particularly when read in conjunction with § 5.256 which specifically provides that "[t]his chapter does not preclude other means of service of process ... on a ... foreign entity as provided by other law."

Tex. R.Civ.P. 108 states that where a defendant is a nonresident of the State, the form of notice of institution of a suit "shall be the same as prescribed for citation to a resident defendant ...". The appendices show that the requirements of the other relevant rules have been satisfied. *See* Rules 103, 106 and 107.

The thirty day removal period commences with the formal service of process, *see* note 2, *supra*, and it is state law which determines whether "service of process" has been accomplished. *City of Clarksdale v. Bellsouth Telecommunications, Inc.,* 428 F.3d 206, 210 at n. 6 (5th Cir. 2005). "Removal statutes are to be construed strictly against removal and for remand," *Eastus v. Blue Bell*

3

*Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (collecting cases).

Because service on Calvin McMillan was effective under Texas state law and because Complete Landscaping, Inc., failed to file its notice of removal within the required thirty-day period, Ground Management, Inc.'s motion should be granted and this action should be remanded to the 95th Judicial District Court of Dallas County, Texas, for further proceedings.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that this action be remanded to the 95th Judicial District Court for all further proceedings.

A copy of this recommendation will be mailed to counsel for the parties.

Signed this 11th day of August, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).